Schuyler G. Carroll
Geneva Shi
**LOEB & LOEB LLP**
345 Park Avenue
New York, NY 10154
Telephone: 212.407.4000
Email: scarroll@loeb.com
      gshi@loeb.com

*Attorney for Bryan Ryniker Litigation Administrator*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Décor Holdings, Inc., *et al.*,[1]<br><br>      Post-Confirmation Debtors. | Chapter 11<br><br>Case No. 19-71020 (REG)<br>Case No. 19-71022 (REG)<br>Case No. 19-71023 (REG)<br>Case No. 19-71024 (REG)<br>Case No. 19-71025 (REG)<br><br>(Substantively Consolidated) |
| BRYAN RYNIKER, IN HIS CAPACITY AS LITIGATION ADMINISTRATOR OF THE POST-CONFIRMATION ESTATES OF DÉCOR HOLDINGS, INC., *et al.*<br><br>      Plaintiff,<br><br>v.<br><br>AMERICAN SILK MILLS CORP.<br>      Defendant. | Adv. No. **Refer to Summons** |

**COMPLAINT TO AVOID AND RECOVER TRANSFERS PURSUANT TO 11 U.S.C. §§ 547, 548, AND 550 AND TO DISALLOW CLAIMS PURSUANT TO 11 U.S.C. § 502**

      Bryan Ryniker, in his capacity as Litigation Administrator ("Litigation Administrator", or

"Plaintiff") of the above-captioned Post-Confirmation Debtors' bankruptcy estates pursuant to the

---

[1] The debtors ("Debtors") in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Décor Holdings, Inc. (4174); Décor Intermediate Holdings LLC (5414); RAD Liquidation Inc. (f/k/a The Robert Allen Duralee Group, Inc.) (8435); RAD Liquidation LLC (f/k/a The Robert Allen Duralee Group, LLC) (1798); and RADF LLC (f/k/a The Robert Allen Duralee Group Furniture, LLC) (2835).

*Third Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors* [Doc. No. 296] ("<u>Plan</u>"), by and through his counsel, Loeb & Loeb LLP, hereby files this Complaint ("<u>Complaint</u>") to avoid and recover transfers Against American Silk Mills Corp. (and American Silk Mills LLC, together as "<u>Defendant</u>" or "<u>American Silk</u>"), and to disallow any claims of Defendant.  In support of this Complaint, Plaintiff alleges as follows:

## <u>NATURE OF THE CASE</u>

1.      Plaintiff seeks to avoid and recover from Defendant, or from any other person or entity for whose benefit the transfers were made, all preferential transfers of property that occurred during the ninety (90) day period prior to the commencement of the bankruptcy case of the Debtors pursuant to sections 105, 547, 548, and 550 of chapter 11 of title 11 of the United States Code ("<u>Bankruptcy Code</u>").  Plaintiff also seeks to avoid and recover from Defendant or any other person or entity for whose benefit transfers were made that may have been fraudulent transfers pursuant to sections 548 and 550 of the Bankruptcy Code.

2.      In addition, Plaintiff seeks to disallow, pursuant to sections 502(d) and (j) of the Bankruptcy Code, any claim that Defendant has filed or asserted against the Debtors or that has been scheduled for Defendant.  Plaintiff does not waive but hereby reserves all of its rights to object to any such claim for any reason, including, but not limited to, any reason set forth in sections 502(a) through (j) of the Bankruptcy Code.

## <u>JURISDICTION AND VENUE</u>

3.      This court has subject matter jurisdiction over this adversary proceeding, which arises under title 11, arises in, and relates to a case under title 11, in the United States Bankruptcy Court for the Eastern District of New York ("<u>Court</u>"), captioned *In re Décor Holdings, Inc., et al.* Case No. 19-71020 (REG), pursuant to 28 U.S.C. §§ 157 and 1334(b).

4.      The statutory and legal predicates for the relief sought herein are sections 502, 547, 548, and 550 of the Bankruptcy Code and Rules 3007 and 7001 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules").

5.      This adversary proceeding is a "core" proceeding to be heard and determined by the Court pursuant to 28 U.S.C. § 157(b)(2). Plaintiff consents to entry of final orders and judgment by the Court.  Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

6.      On February 12, 2019 ("Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors were authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On April 11, 2019, the Court entered an order substantively consolidating the Debtors' estates [Doc. No. 230].

7.      On May 6, 2019, the Court entered its *Findings of Fact, Conclusions of Law and Order (I) Confirming Third Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors and (II) Approving the Sale of Substantially All of the Debtors' Assets* [Doc. No. 303] ("Confirmation Order").

8.      On May 6, 2019 ("Effective Date"), the Plan became effective and the Litigation Administrator was appointed.  *See Notice of (I) Entry of an Order Confirming Third Amended Joint Chapter 11 Plan of Liquidation Proposed by the Debtors, (II) Occurrence of Effective Date, (III) Administrative Expense Claim Bar Date, and (IV) Rejection Damages Bar Date* [Doc. No. 310].

9.      The Plan vests the Litigation Administrator with the sole authority to commence, prosecute, and settle proceedings to pursue Chapter 5 Claims and Other Claims (as defined in the

Plan)[2] on behalf of the Post-Confirmation Debtors and their estates as plaintiff against persons or entities.  *See* Plan Art. 5.5.

## THE PARTIES

10.     Plaintiff is the Bankruptcy Court appointed Litigation Administrator of the above captioned Post-Confirmation Debtors' estates.  The Debtors' former corporate headquarters and the mailing address was 49 Wireless Boulevard, Suite 150, Hauppauge, NY 11788.  The Debtors engaged in the business of, among other things, designing, manufacturing and selling decorative fabrics, wall coverings, trimmings, upholstered furniture, drapery hardware and accessories to residential and commercial customers.  Pursuant to Bankruptcy Code sections 502, 547, 548, 550, 1106, and 1107, and Article 5.5 of the confirmed Plan, Plaintiff is authorized and has standing to pursue this avoidance action.

11.     Upon information and belief, Defendant American Silk is a well-known textile supplier that maintains a business address at 75 Stark Street, Hudson, Pennsylvania,18705-2906. Defendant is, at all relevant times, a vendor for goods sold, or creditor that provided goods and/or services to or for the Debtors.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     During the ninety (90) days before and including the Petition Date, i.e. November 14, 2018 and February 12, 2019 ("Preference Period"), the Debtors continued to operate their business, including by making payments by the use of the transfer of money, either by checks, cashier checks, wire transfers, ACH transfers, direct deposits or otherwise to various entities, including American Silk.  Upon information and belief, the Debtors paid to Defendant for the goods sold or service rendered in the amount of $52,082.85 (see **Exhibit A**) during the Preference Period.

---

[2] Capitalized items not otherwise defined herein shall have the meaning in the Debtors' Plab.

13.     The Debtors made transfer(s) of an interest of the Debtors' property to or for the benefit of Defendant during the Preference Period aggregating not less than the amount of $52,082.85.  Plaintiff is seeking to avoid all of the transfers of an interest of the Debtors' property made by the Debtors to Defendant within the Preference Period.

14.     During the course of this proceeding, Plaintiff may learn (through discovery or otherwise) of additional transfers made to Defendant during the Preference Period or that may be avoidable under other provisions of the Bankruptcy Code.  It is Plaintiff's intention to avoid and recover all avoidable transfers of property made by the Debtors to or for the benefit of Defendant or any other transferee.  Plaintiff reserves its right to amend this original Complaint to include: (i) further information regarding the transfer(s), (ii) additional transfers, (iii) modifications of and/or revision to Defendant's name, (iv) additional defendants, and/or (v) additional causes of action, if applicable (e.g., but not exclusively under, 11 U.S.C. §§ 506(d), 542, 543, 544, 545, 547, 548, 549, and/or 553, collectively, "Amendments"), that may become known to Plaintiff at any time during this adversary proceeding, through formal discovery or otherwise, and for the Amendments to relate back to this original Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief
### (Avoidance of Preference Period Transfers – 11 U.S.C. § 547)

15.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

16.     During the Preference Period, the Debtors made transfers to or for the benefit of Defendant in an aggregate amount not less than $52,082.85.

17.     Each transfer was made from the Debtors, and constituted transfers of an interest in property of the Debtors.

18.     Defendant was a creditor of the Debtors at the time of each transfer by virtue of supplying goods and/or services to the Debtors for which the Debtors were obligated to pay in accordance with applicable agreements.

19.     Each transfer was to or for the benefit of a creditor within the meaning of 11 U.S.C. § 547(b)(1) because each transfer either reduced or fully satisfied a debt or debts then owed by the Debtors to the Defendant .

20.     Each transfer was made for, or on account of, an antecedent debt or debts owed by the Debtors to Defendant before such transfers were made, as asserted by Defendant and memorialized in the applicable agreements, each of which constituted a "debt" or "claim" (as those terms are defined in the Bankruptcy Code) of Defendant prior to being paid by the Debtors.

21.     Each transfer was made while the Debtors were insolvent. Plaintiff is entitled to the presumption of insolvency for each transfer made during the Preference Period pursuant to 11 U.S.C. § 547(f).

22.     Each transfer was made during the Preference Period.  As a result of each transfer, Defendant received more than Defendant would have received if: (i) the Debtors' bankruptcy case was a case under chapter 7 of the Bankruptcy Code; (ii) the transfers had not been made; and (iii) Defendant received payments of its debts under the provisions of the Bankruptcy Code. As evidenced by the Debtors' schedules filed in the underlying bankruptcy case as well as the proofs of claim that have been received to date, the Plan, the Confirmation Order, and the Disclosure Statement, the Plaintiff's liabilities exceed its assets such that unsecured creditors will not receive payment of their claims in full from the bankruptcy estate.

23.     In accordance with the foregoing, each transfer is avoidable pursuant to 11 U.S.C. § 547(b).

## Second Claim for Relief
### (Avoidance of Fraudulent Conveyances – 11 U.S.C. § 548(a)(1)(B))

24.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein.

25.     To the extent one or more of the transfers was not made on account of an antecedent debt, or was a prepayment for goods and/or services subsequently received, Plaintiff pleads in the alternative that the Debtors did not receive reasonably equivalent value in exchange for such transfer(s) ("Fraudulent Transfers"); and

   A.     The Debtors were insolvent as of the date of the transfer(s), or became insolvent as a result of the transfer(s); or

   B.     The Debtors were engaged, or about to engage, in business or a transaction for which any property remaining with the Debtors or for whose benefit the transfer(s) was made was an unreasonably small capital; or

   C.     The Debtors intended to incur, or believed they would incur, debts beyond their ability to pay upon maturity.

26.     Based upon the foregoing, the Fraudulent Transfers are avoidable pursuant to 11 U.S.C. § 548(a)(1)(B).

## Third Claim for Relief
### (Recovery of Avoided Transfers – 11 U.S.C. § 550)

27.     Plaintiff hereby incorporates all previous allegations as though fully set forth herein..

28.     The Debtors are entitled to avoid the transfer(s) pursuant to 11 U.S.C. § 547(b) and/or any Fraudulent Transfers pursuant to 11 U.S.C. § 548 (collectively, "Avoidable Transfers").

29.     Defendant was the initial transferee of the Avoidable Transfer(s) or the immediate or mediate transferee of such initial transferee or the person for whose benefit the Avoidable Transfer(s) were made.

30.     Pursuant to 11 U.S.C.§ 550(a), Plaintiff is entitled to recover from Defendant the Avoidable Transfer(s), plus interest thereon to the date of payment and the costs of this action.

**Fourth Claim for Relief**
**(Disallowance of all Claims – 11 U.S.C. § 502(d) and (j))**

31.     Plaintiff incorporates all preceding paragraphs as if fully re-alleged herein.

32.     Defendant is a transferee of transfers avoidable under sections 547 and/or 548 of the Bankruptcy Code, which property is recoverable under section 550 of the Bankruptcy Code.

33.     Pursuant to 11 U.S.C. § 502(d), any and all Claims of Defendant and/or its assignee, against the Debtors' chapter 11 estate or Plaintiff must be disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

34.     Pursuant to 11 U.S.C. § 502(j), any and all Claims of Defendant, and/or its assignee, against the Debtors' chapter 11 estate or Plaintiff previously allowed by the Debtors or by Plaintiff, must be reconsidered and disallowed until such time as Defendant pays to Plaintiff an amount equal to the aggregate amount of the Avoidable Transfer(s), plus interest thereon and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff requests that this Court grant it the following relief:

A.     On Plaintiff's First, Second, and Third Claims for Relief, judgment in favor of Plaintiff and against Defendant, avoiding all of the Avoidable Transfers and directing Defendant to return to Plaintiff the amount of the Avoidable Transfers, pursuant to 11 U.S.C. §§ 547(b), 548, and 550(a), plus interest from the date of demand at the maximum legal rate and to the fullest extent allowed by applicable law, together with the costs and expenses of this action including, without limitation, attorneys' fees;

B.      On Plaintiff's Fourth Claim for Relief, judgment in favor of Plaintiff and against Defendant disallowing any claims of Defendant against the Plaintiff until Defendant returns the Avoidable Transfers to Plaintiff pursuant to 11 U.S.C. § 502(d) and (j); and

C.      Such other and further relief as this Court may deem just and proper.

Dated: August 25, 2020

**LOEB & LOEB LLP**
*Attorneys for Bryan Ryniker,*
   *Litigation Administrator*

/s/ Schuyler G. Carroll
Schuyler G. Carroll
Geneva Shi
Loeb & Loeb LLP
345 Park Avenue
New York, NY 10154-1895
Telephone: (212) 407-4000
Email: scarroll@loeb.com
      gshi@loeb.com

Exhibit A

**DÉCOR HOLDING, INC.** *et al.*
**Schedule of Payments made in the 90-Days**

| Vendor | Category | Doc # | Clear Date | Check Amount |
|---|---|---|---|---|
| AMERICAN SILK MILLS CORP | Payment | 531686 | 11/27/2018 | 2,763.56 |
| AMERICAN SILK MILLS CORP | Payment | 532089 | 11/27/2018 | 9,083.13 |
| AMERICAN SILK MILLS CORP | Payment | 531257 | 11/19/2018 | 1,333.40 |
| AMERICAN SILK MILLS CORP | Payment | 531432 | 11/19/2018 | 25,169.69 |
| AMERICAN SILK MILLS CORP | Payment | 530951 | 11/19/2018 | 13,733.07 |

52,082.85